UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-88-KKC

MIHAIL I. PAPAIOAN                                                                           PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

NATALIE C. RILEY, ET AL.                                                              DEFENDANTS

Plaintiff Mihail I. Papaioan is confined in the Federal Medical Center which is located in Lexington, Kentucky ("FMC-Lexington"). Papaioan has filed a *pro se* civil rights action asserting claims under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1]  He has paid the $350.00 filing fee.[2]

This matter is before the Court for initial screening under 28 U.S.C. § 1915A, which requires a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id*. § 1915A.

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Papaioan alleges that between July 22, 2009 and February 17, 2010, Dr. Natalie C. Riley sexually assaulted and harassed him, verbally abused him, retaliated against him, and caused him

---

[1] The named defendants are: (1) Natalie Riley, Ph. D., and Drug Treatment Specialist; (2) Amanda Hughes, Drug Treatment Specialist; (3) Rick Dooley, Drug Treatment Specialist; and (4) "K." Hungness, whom Papaioan identifies as ""Psy. D."

[2] As Papaioan has paid the $350.00 filing fee in full, the Order entered on March 22, 2010, R. 4, will be set aside and held for naught.

to be expelled from a prison substance abuse rehabilitative program. He claims that Defendants Amanda Hughes, Rick Dooley, and K. Hungness verbally harassed him, retaliated against him, falsified his rehabilitation documents, and otherwise violated his right to due process of law.

Papaioan's allegations of sexual and verbal harassment fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Papaioan's allegations of retaliation fall under the First Amendment of the United States Constitution, which prohibits the impairment of a litigant's right of access to the courts. Papaioan's claim that the defendants falsified his documents relating to his participation in a prison substance-abuse rehabilitation program falls under the Fifth Amendment of the United States Constitution, which guarantees due process of law.

Papaioan seeks $7,000,000.00 in damages from the defendants and a preliminary injunction prohibiting FMC-Lexington officials from retaliating against him for filing this civil action. For the reasons set forth below, the Court will dismiss with prejudice Papaioan's claims of verbal abuse and verbal sexual harassment with prejudice, and will dismiss without prejudice his claims of alleged physical sexual abuse, retaliation, and denial of due process of law, based upon Papaioan's admitted failure to exhaust administrative remedies. By separate Order, the Court will address Papaioan's motion for a preliminary injunction, R. 3.

## ALLEGATIONS OF THE COMPLAINT

Papaioan states that he began participating in the Residential Drug Abuse Program ("RDAP") at FMC-Lexington on or about July 22, 2009.[3] His first meeting was with Dr. Riley was on August

---

[3] The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C.F.R. § 550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

2

19, 2009. Papaioan alleges that on that date, he had a session with Dr. Riley which he thought would consist of a review of his drug treatment plan. Papaioan alleges that during this meeting, Dr. Riley began asking him a series of sexually oriented questions and that she physically positioned herself in a sexually suggestive manner.

Papaioan alleges that over the next seven months, he met with Dr. Riley eight to ten times on Tuesday nights and that during those meetings, Dr. Riley continued to inquire about his sexual history and preferences. Papaioan claims that during those meetings, she positioned herself so that she came in close physical contact with his genital area. Further, beginning in November of 2009, she grabbed his genitals; tried to fondle him; tried to perform oral sex; and exposed herself. Papaioan states that when she started this activity, he stated: "I'm sorry, I am here for the program." R. 2, p. 10. According to Papaioan, after he rebuffed Dr. Riley's sexual advances, she began verbally harassing him and retaliating against him by amending his RDAP plan and requiring him to repeat Phase Two of the RDAP.

Papaioan alleges that the defendants Rick Dooley and Amanda Hughes conspired with Riley; concealed her wrongdoing; verbally abused him at Dr. Riley's direction; and falsified his documents during a Unit Team intervention. Papaioan alleges that he was expelled from the RDAP for refusing Riley's sexual advances, pointing out that between July of 2009 and February of 2010, he did not receive an Incident Report, fail a test, or commit any other act warranting his expulsion from the RDAP.

In the section of the Complaint Form which inquires about the plaintiff's efforts to administratively exhaust his claims, Papaioan states that he did not exhaust his claims because "It may cause a larger coverup and the complaint is well beyond a grievance." R. 2, p. 5.

3

DISCUSSION
1. <u>Verbal Abuse and Verbal Sexual Harassment Allegations</u>

Papaioan claims that between July of 2009 and February of 2010, Dr. Riley sexually harassed him by making various verbal statements of a sexually explicit nature, and that during this time, the other three defendants verbally abused him in a non-sexual context. Papaioan fails to state a claim upon which relief can be granted on any of these allegations of verbal abuse, verbal sexual harassment, or misconduct.

A complaint may be dismissed for failure to state a claim if " 'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Although the plausibility standard is not equivalent to a " 'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the pleader is entitled to relief." *Ashcroft*, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (2)).

Papaioan's claims of verbal abuse do not rise to the level of an Eighth Amendment constitutional violation, because verbal abuse by itself does not violate the Constitution. A plaintiff must allege punishments that "involve the unnecessary and wanton infliction of pain" or punishments "disproportionate to the crime committed." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Verbal abuse, harassment, and arbitrariness in dealing with inmates are not Eighth Amendment violations. *Id*. at 955; *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (verbal harassment or abuse is not sufficient to state a constitutional deprivation under § 1983); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff's idle threats to hang a prisoner did not give rise to a § 1983 action).

To the extent that Papaioan alleges that Dr. Riley harassed and abused him by making continual and sexually explicit verbal comments, he states no claim. Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n. 11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain).[4]

---

[4] *Cf. Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan.28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference did not state an Eighth Amendment claim).

On several occasions, another district court in this circuit, the Western District of Michigan, has reached the same conclusion - that acts of verbal sexual harassment standing alone are insufficient to state an Eighth Amendment claim, and that minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See Payette v. Briggs*, No. 09-279, 2010 775783 at *4 (W.D. Mich. March 1, 2010) (citing *Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2); *Butts v. Wiley*, No. 08-235, 2010 WL 748249, at *3 (W.D. Mich. February 26, 2010); *Jackson v. Holm*, No. 09-98, 2009 WL 2413282, at *3 (W.D. Mich. August 4, 2009).

Therefore, to the extent that Papaioan claims that Dr. Riley sexually abused and harassed him solely through *verbal* means, he has not asserted a valid Eighth Amendment claim. All of his verbal sexual abuse and harassment claims will be dismissed with prejudice. Papaioan's claims that the other named defendants verbally abused him (in a non-sexual context) will also be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

2. Remaining Claims:
Physical Sexual Abuse; First Amendment Retaliation;
and Denial of Due Process of Law

Papaioan asserts a series of additional claims, to wit: alleged sexual abuse by Dr. Riley through the use of physical contact or touching; retaliation by Dr. Riley and the other three defendants in the form of expulsion from the RDAP; and other actions alleged to be denial of due process of law by all of the named defendants. These claims will be dismissed *without* prejudice due to Papaioan's admitted failure to administratively exhaust those claims.[5]

---

[5] The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F. R. §542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may

6

As part of the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997e(a) was amended to require state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F,3d 254, 256 (6th Cir. 1999).

The exhaustion requirement ensures not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court has a complete record upon which to review the agency's final action. *See Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980). "Proper exhaustion often results in the creation of an administrative record that is helpful to the court." *Barney v. Correctional Medical Services, Inc*., 08-CV-00694, 2009 WL 3711612, *12 (W.D. Mich. Nov. 3, 2009).

Papaioan argues that he should be excused from having to administratively exhaust any of his claims, apparently because the problems which he lists are too serious to be submitted to the BOP for consideration. While it is convenient for Papaioan to argue that he should be relieved of the administrative remedy process as to these allegations, he was required to have administratively exhausted these various claims prior to seeking judicial relief. The Supreme Court has held that in order to satisfy the requirement that administrative remedies be exhausted prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process.

---

appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.
    The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id*.

7

*Woodford v. Ngo*, 126 S.Ct. 2378, 2387-88 (2006).

Additionally, the Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999).

Because Papaioan admits on the face of his complaint that he has not pursued this process with respect to any of his claims, *sua sponte* dismissal of these unexhausted claims at this stage is warranted. This Court, and other district courts in this circuit, have held that even in light of the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007), *sua sponte* dismissal of a complaint is warranted where failure to exhaust is apparent from the face of the complaint. *See Smith v. Lief*, No. 10-8, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008) (where it was clear from face of the complaint that the prisoner had filed an untimely grievance, *sua sponte* dismissal of the complaint without prejudice was warranted); *Spaulding v. Oakland County Jail Medical Staff*, No. 07-12727, 2007 WL 2336216, at *3 (E. D. Mich. August 15, 2007) (dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit).

For these reasons, Papaioan's claims of alleged sexual abuse by Dr. Riley through the use of physical contact or touching; retaliation by Dr. Riley and the other three defendants in the form of expulsion from the RDAP; and other actions alleged to be denial of due process of law by all of the

named defendants Complaint will be dismissed, *sua sponte*, based upon Papaioan's admitted failure to pursue the administrative exhaustion procedures.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) As Plaintiff Mihail I. Papaioan has paid the $350.00 filing fee, the Order entered on March 22, 2010, R. 4, is **SET ASIDE** and **HELD FOR NAUGHT**.

(2) Papaioan Eighth Amendment claims against all named defendants alleging either verbal abuse or verbal sexual harassment are **DISMISSED WITH PREJUDICE.**

(3) Papaioan's Eighth Amendment claims alleging physical sexual abuse; First Amendment retaliation; and Fifth Amendment denial of due process of law are **DISMISSED WITHOUT PREJUDICE.**

(4) This action is **DISMISSED** from the docket of the Court.

(5) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Dated this 23rd day of March, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

9